UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LASHONDA R. RUCKER,

        Plaintiff,

  v.

        Case No. 19-cv-1764-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court issued an order directing the plaintiff to file her request to proceed without prepaying the filing fee on the court's current form, dkt. no. 5, and the plaintiff has filed her amended request, dkt. no. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The affidavit indicates that the plaintiff is not employed, she is not married, and she has three children ages
1

11 to 16 that she is responsible for supporting. Dkt. No. 6 at 1. The plaintiff receives $856 per month in child support and $449 per month in food stamps. Id. at 2. The plaintiff lists $605 per month in expenses ($600 other household expenses "groceries," $5.00 loan rehabilitation "student loan"). The plaintiff does not own her home, a car, or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 2-4. The plaintiff states, "I am indigent and homeless/living with family member." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was denied Social Security Disability benefits by the Commissioner and that the Commissioner's finding that the plaintiff is not disabled is "not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the evidence, but contrary thereto, in that the ALJ's decision is not supported by substantial

2

evidence and is contrary to law." Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 4th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**